No. 21,663.

THE ELMO STATE BANK, *Appellee,* v. C. M. HILDEBRAND, *Appellant,* et al.

OPINION ON REHEARING.

Appeal from Shawnee district court, division No. 1; AL-STON W. DANA, judge. Opinion denying a rehearing filed January 11, 1919. (For original opinion of affirmance see 103 Kan. 705.)

*S. M. Hutzel,* of Wakeeney, *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellants.

*Edwin Anderson,* of Council Grove, and *Frans E. Lindquist,* of Kansas City, Mo., for the appellee.

*Per Curiam:* In a motion for rehearing it is asserted the court entirely overlooked appellant's contentions, in determining that certain hearsay evidence was immaterial. The court overlooked nothing contended for by appellant in the original briefs, and adheres to the opinion that the letter from the receiver of the insurance company, although incompetent evidence, could not have prejudiced appellant by the statement that his note had been sold to the bank. All the evidence shows that it was transferred with others to the bank; and appellant has all along conceded that it was, although contending that it was held by the bank as collateral to other notes.

Appellant again argues his claim that the bank should have known there was something wrong, because an insurance company, which ordinarily has funds to invest, was parting with notes which, it is seriously contended, bore in the aggregate 20 per cent interest and receiving in exchange a certificate of deposit bearing 3 per cent interest. While we had always supposed that collections of interest or principal of notes pledged as collateral security are applied upon the original indebtedness, instead of being used to swell the rate of interest on the principal debt, it was not deemed necessary to combat appellee's argument; and there was no suggestion in the opinion that it would not have been proper to have made the argument

National Bank v. Stroup.

for whatever it was worth to the jury.   We adhere to the opinion that the instruction on the question of bad faith correctly stated the law of the case, and that there were no circumstances in the evidence which would have justified an instruction directing special attention to the failure of the officer of the bank to make further inquiries.

The rehearing is denied.